UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------x
UNITED STATES OF AMERICA,

                                                                             NOTICE OF MOTION

        -against-

                                                                             11 CR 026 (JG)

DOMINIC CARAMANICA, et al.,

               Defendants.
-------------------------------------------x

SIR/MADAM:

     PLEASE TAKE NOTICE that, upon the Memorandum of Law submitted herewith, the undersigned, on behalf of defendant Dominic Caramanica, will move this Court before the Honorable John Gleeson, at the United States Courthouse located at 225 Cadman Plaza East, Brooklyn, New York, on a day and time to be set by the Court, for an Order:

     1. Pursuant to Rule 14 of the Federal Rules of Criminal Procedure, granting defendant Dominic Caramanica a severance and separate trial from his codefendants; and

    2.  Granting such other and further relief as to this Court may seem just and proper.

Dated:  September 9, 2011
       Port Washington, New York

                                    Yours, etc.

                                           /JRF/

                              JAMES R. FROCCARO, JR. (JRF-5461)
                              20 Vanderventer Avenue, Suite 103W
                              Port Washington, NY 11050
                              (516) 944-5062 (phone)
                              (516) 944-5066 (fax)
                              JRF61@aol.com (e-mail)

                              Attorney for Dominic Caramanica

To:  AUSA Stephen E. Frank
     U. S. Attorney's Office
     Eastern District of New York
     271 Cadman Plaza East
     Brooklyn, NY 11201

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                              11 CR 026 (JG)

DOMINIC CARAMANICA, et al.,

        Defendants.
------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT DOMINIC CARAMANICA'S SEVERANCE MOTION

                                              JAMES R. FROCCARO, JR.
                                              20 Vanderventer Avenue, Suite 103W
                                              Port Washington, NY 11050
                                              (516) 944-5062 (phone)
                                              (516) 944-5066 (fax)
                                              JRFESQ61@aol.com (e-mail)

                                              Attorney for Dominic Caramanica

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                              11 CR 026 (JG)

DOMINIC CARAMANICA, et al.,

        Defendants.
------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT DOMINIC CARAMANICA'S SEVERANCE MOTION

PRELIMINARY STATEMENT

Defendant Dominic Caramanica ("Mr. Caramanica") respectfully submits this Memorandum of Law in support of his motion for a severance and separate trial from his co-defendants. All facts necessary to a determination of the motion are set forth in the context of the statements and arguments made below.

-1-

## STATEMENT OF FACTS

Mr. Caramanica is charged in Counts Four and Five of the Indictment with Extortion Conspiracy and Extortion related to John Doe #2, along with his co-defendants, Daniel Cilenti, Glenn Mazzella and Peter Pace, Jr..[1] Mr. Caramanica is <u>not</u> charged in any other count of the Indictment, including the Racketeering Conspiracy charged in Count One. <u>See</u> ECF Docket Entry 1.

Count One charges Mr. Caramanica's co-defendants, Daniel Cilenti, Glenn Mazzella and Peter Pace, Jr., with conspiring to participate in the affairs of the charged enterprise, namely, the Genovese Crime Family, through a pattern of racketeering activity. The indictment alleges that defendant Daniel Cilenti was at various times, a "soldier and an associate within the Genovese Crime Family," <u>and</u> that defendants Glenn Mazzella and Peter Pace, Jr., "were associates within the Genovese Crime Family." <u>See</u> Indictment at paragraphs 12-13.

-2-

---

[1] There are no allegations of physical violence <u>or</u> explicit threats of physical violence in connection with Counts Four and Five.

The Indictment also alleges that the "means and methods" of the racketeering enterprise charged in Count One included murder. For example, the Indictment alleges that "…members and associates of the enterprise were asked and expected to carry out, among other things, acts of violence, including murder and assault." Id. at paragraph 9. And, that "…members and associates of the Genovese Crime Family engaged in conduct designed to prevent government detection of their identities, their illegal activities and the location of proceeds of those activities," including "a commitment to murdering persons, particularly members and associates of organized crime family who were perceived as potential witnesses against members and associates of the enterprise." Id. at paragraph 10.

On August 26, 2011, the government filed its First Motion *in Limine* to Admit Other Act Evidence against the defendants and to Empanel an Anonymous Jury. See ECF Docket Entry 72. The first thirty-five (35) pages of the motion are addressed to the government's application to admit "other act evidence" against Mr. Caramanica's

co-defendants - <u>not Mr. Caramanica</u> - as "direct proof" of the racketeering conspiracy charged in Count One.

More specifically, the governments seeks to admit other act evidence at trial about co-defendant Daniel Cilenti's alleged "admissions concerning his history with the Genovese Family and involvement in numerous violent crimes, including murder."  As well as evidence about Cilenti's alleged participation in numerous other extortions and fraudulent schemes, including the "Extortion of Frank DiTomasso," "Stolen Railroad Tie Scheme," "Stucco Business Extortion," Phoenix Wrecking Scheme," "Extortion of Toby Romano," "Daniella Construction Extortion," and "Obstruction of Justice."  <u>See</u> government's motion *in limine* at 7-16.

The government also seeks to admit other act evidence at trial concerning defendant Peter Pace Jr.'s alleged "Admissions Concerning The Assault And Death of his Mother-in-Law," and his alleged participation in numerous "Other Violent Acts," including a "Stabbing."  <u>Id.</u> at 16-18.

-4-

Mr. Caramanica is not alleged to have engaged in any other act evidence according to the government's fifty-three (53) page *in limine* motion.

## ARGUMENT

Rule 14 of the Federal Rules of Criminal Procedure provides, in pertinent part, that if the joinder of defendants in an indictment for trial appears to prejudice a defendant, the court may order a severance.

Now that the government has filed its motion *in limine* to introduce certain evidence at trial against the RICO defendants, it is readily apparent that a joint trial could prevent the jury from making a reliable judgment about Mr. Caramanica's guilt or innocence and he should be severed.  See Zafiro v. United States, 506 U.S. 534, 539 (1993).

The "spillover prejudice" Mr. Caramanica will suffer by virtue of his inclusion at a joint trial with the RICO defendants will be substantial. Such prejudice occurs, for example, when "proof that is inadmissible against a defendant becomes a part of his trial solely due to the presence of co-defendants against whom admission may be proper." See United

-5-

States v. Salameh, 152 F.3d 88, 115 (2d Cir. 1998).

As the government stated in its motion *in limine*, "[t]o convict defendants Cilenti, Mazzella and Pace of racketeering conspiracy, the government must establish, among other elements, that the enterprise as described and charged in the indictment existed, that the defendants were associated with the enterprise and that the defendants conspired to conduct the affairs of the enterprise through a pattern of racketeering." See government's motion *in limine* at 3-4. To prove this charge, the government will introduce a considerable amount of highly prejudicial evidence about Mr. Caramanica's co-defendants which would otherwise be inadmissible at a separate trial of Mr. Caramanica.

The government will introduce other act evidence at trial regarding co-defendant Daniel Cilenti's alleged involvement in numerous violent crimes, including murder - to prove the charged RICO conspiracy. As well as evidence about Cilenti's alleged participation in other extortions and fraudulent schemes, including the extortion of Frank DiTomasso, extortion of Toby Romano, Daniella Construction extortion, a stucco

-6-

business extortion, a stolen railroad tie scheme, a Phoenix wrecking scheme, and also, obstruction of justice. See government's motion *in limine* at 7-16.

In addition, the government will also seek to introduce evidence at trial to prove the charged RICO conspiracy, that co-defendant Peter Pace allegedly made admissions concerning the assault and death of his mother-in-law, and that Pace allegedly participated in a host of other violent acts, including a stabbing.

None of this evidence would be admissible at a separate trial of Mr. Caramanica. See Zafiro, 506 U.S. at 539 ("Evidence that is probative of a defendant's guilt but technically admissible only against a co-defendant also might present a risk of prejudice.") See also, United States v. Dinome, 954 F.2d 839 (2d Cir.), *cert. denied*, 506 U.S. 830 (1992) (finding prejudice against some defendants in a RICO trial against whom none of the evidence relating to the alleged RICO enterprise was admissible where the evidence against their co-defendants included, among other things, murder; United States v. Cardascia, 951 F.2d 474,

-7-

483 (2d Cir. 1991), (where the Second Circuit recognized that when the inadmissible evidence against a movant "reflects activities of a violent nature," as is the case at bar, severance rather than a limiting instruction may be appropriate).

Finally, another Second Circuit opinion, <u>United States v. Tellier</u>, 83 F.3d 578 (2d Cir. 1996) is also instructive. In <u>Tellier</u>, the RICO counts filed against defendant Roy Tellier alleged two predicate acts, one a Hobbs Act robbery, and the other, a conspiracy to distribute stolen marijuana. Tellier was also charged in the indictment with the Hobbs Act robbery as a separate substantive count. He was convicted after trial of all counts.

On appeal, Tellier argued that the only proof of his participation in the marijuana conspiracy predicate act consisted solely of hearsay evidence. The Circuit agreed, and thus held that Tellier's conviction on the RICO counts was not supported by legally sufficient evidence.

The Second Circuit went even further, however, in <u>Tellier</u>. The Circuit held that the reversal of Roy Tellier's RICO convictions also

dictated reversal of his Hobbs Act conviction given the "prejudicial spillover evidence admitted to prove the RICO 'enterprise' and its extensive criminal activities." Id. at 581-582. As the Circuit explained:

> A RICO charge allows the government to introduce evidence of criminal activities in which a defendant did not participate to prove the enterprise element. Citing United States v. DiNiome. If the RICO counts fails, prejudice on the other counts is highly likely. In such circumstances, <u>defendants who no longer face RICO charges should be severed so that the jury is not exposed to evidence that is irrelevant to the remaining charges</u>.

Id. at 582 (emphasis supplied).

Using the logic employed by the Circuit in the Tellier case and others, Dominic Caramanica should not be made to suffer the "spillover prejudice" he will endure at a joint trial with the RICO defendants. Limiting instructions will not remove the substantial prejudice.

-9-

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that defendant Dominic Caramanica's severance motion should be granted.

Dated:  September 9, 2011
        Port Washington, New York

                                  Respectfully submitted,

                                  /JRF/

---

JAMES R. FROCCARO, JR. (JRF- 5461)
20 Vanderventer Avenue, Suite 103W
Port Washington, New York 11050
(516) 944-5062 (phone)
(516) 944-5066 (fax)
JRFESQ61@aol.com (e-mail)

Attorney for Dominic Caramanica