

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:SEF
F.#2011R00013

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 20, 2012

<u>**Via ECF and Hand Delivery**</u>

The Honorable John Gleeson
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Dominic Caramanica
           <u>Criminal Docket No. 11-0026 (JG)</u>

Dear Judge Gleeson:

      The government respectfully submits this letter in response to the Court's order directing the government to respond to the defendant's application to unseal certain material subject to a protective order pursuant to Fed. R. Crim. P. 16(d).  For the reasons set forth below, the government respectfully requests that the defendant's motion be denied or, in the alternative, that his sentencing be adjourned until June 2012.

I.   <u>Background</u>

      On March 15, 2012, the Court granted the government's motion, filed <u>ex</u> <u>parte</u> and under seal on March 13, 2012, for a protective order pursuant to Fed. R. Crim. P. 16(d).  The government's motion sought a protective order over materials that were <u>already</u> subject to a protective order pursuant to a motion filed by the government, <u>ex</u> <u>parte</u> and under seal, on August 8, 2011, and granted by the Court on August 11, 2011.[1]

---

     [1]     The government's March 13 motion was, accordingly, filed in error.  The government inadvertently failed to note that it had previously moved for a protective order over the same material, and that the Court had granted that motion in August. The government regrets the error and any inconvenience to the Court.

In granting the government's motion in August, the Court explained as follows: "The information at issue has no bearing on the charges in the case and is neither exculpatory nor otherwise material to the preparation of the defense. Moreover, its disclosure might prejudice an ongoing investigation of others." (Dkt. Entry Aug. 11, 2011). The Court's order was filed on ECF and none of the defendants objected to it at that time. Defendant Caramanica pled guilty to Count Five of the above-referenced indictment, charging Hobbs Act extortion, in violation of 18 U.S.C. § 1951(a), approximately one month later, on September 15, 2011.

The defendant now requests that the material subject to the protective order be unsealed in advance of his Fatico hearing, scheduled for March 21, 2012. The hearing is to address the question whether the defendant is an associate of the Genovese organized crime family of La Cosa Nostra.

II.  Discussion

A.  Applicable Law

The Federal Rules of Criminal Procedure provide, inter alia, that "upon a defendant's request, the government must disclose to the defendant . . . any relevant written or recorded statement by the defendant if:  the statement is within the government's possession, custody, or control; and the attorney for the government knows – or through due diligence could know – that the statement exists. . . ." Fed. R. Crim. P. 16(a)(1)(B)(i). Rule 16 gives a "defendant 'virtually an absolute right' to his own statements 'in the absence of highly unusual circumstances of a sort that would otherwise justify a protective order.'" United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993) (quoting 2 C. Wright, Federal Practice and Procedure § 253, at 46 (1982)).

Fed. R. Crim. P. 16(d)(1), in turn, provides as follows:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1).  A decision to withhold discovery under Rule 16(d)(1) is left to the sound discretion of the district court, and will not be disturbed on appeal absent a showing that "the substantial rights of the defendant have been prejudiced." United States v. Coiro, 785 F. Supp. 326, 330 (E.D.N.Y. 1992).

The purpose of Rule 16 is to enable a defendant to obtain any of his own statements that are relevant to the charges so that he can "prepare properly to face the evidence that may be introduced against him at trial." United States v. Gleason, 616 F.2d 2, 24 (2d Cir. 1979), cert. denied, 444 U.S. 1082 (1980); see also United States v. McElroy, 697 F.2d 459, 463 (2d Cir. 1982) ("pretrial discovery prevents the defendant from being unfairly surprised with his statements at trial and enhances the ability of defense counsel to suppress inadmissible statements").

It follows, therefore, that a defendant is not harmed by nondisclosure of statements that the government does not use against the defendant at trial or sentencing.  See United States v. Scarpa, 897 F.2d 63, 70 (2d Cir.), cert. denied, 498 U.S. 816 (1990) (tapes reflecting defendant's statements not discoverable where tapes not offered at trial); McElroy, 697 F.2d at 463.

In the context of criminal investigations, the Second Circuit has allowed the government to not disclose a defendant's statements when immediate disclosure would compromise an ongoing investigation. See Stoddard v. United States, 710 F.2d 21, 23-24 (2d Cir. 1983) (government has an interest "in preserving the secrecy of ongoing criminal investigations"); see also United States v. Napolitano, 552 F. Supp. 465, 472 (S.D.N.Y. 1982) (court delays disclosure as well as trial date based on potential prejudice to ongoing criminal investigation).

B.    The Defendant Is Not Prejudiced
       By the Protective Order

As the Court has already concluded, the defendant is not prejudiced by the protective order at issue in this case.  As the Court noted in its August order, the "information at issue has no bearing on the charges in the case and is neither exculpatory nor otherwise material to the preparation of the defense." (Dkt. Entry Aug. 11, 2011).  The government does not intend to offer the protected material at the Fatico hearing, or to otherwise rely on it for purposes of this case.  Moreover, the defendant "could not use the withheld material 'to bolster his defense or to counter the government's case,' nor would the information aid counsel in 'formulat[ing] a more effective

3

Case 1:11-cr-00026-JG   Document 119   Filed 03/20/12   Page 4 of 4 PageID #: 379

defense strategy.'" <u>United States v. Zazi</u>, No. 10-CR-60, 2011 WL
2532903, at *4 (E.D.N.Y. 2011) (Gleeson, J.) (quoting <u>Stevens</u>,
985 F.2d at 1180).  It is, accordingly, "difficult to understand"
how the defendant could be prejudiced by being denied access to
non-exculpatory material the government does not intend to use
against him.  <u>United States v. Pelton</u>, 578 F.2d 701, 707 (8th
Cir.), <u>cert. denied</u>, 439 U.S. 964 (1978).

The defendant's organized crime association is evident
from, <u>inter alia</u>, the discovery previously disclosed to him,
including Title III interceptions made in 2004 and 2005,
consensual recordings made by a cooperating witness in 2009 and
2010, and surveillances conducted by the FBI in 2004.
Accordingly, the government does not intend to rely on any
protected materials and seeks to protect them under Rule 16(d)(1)
because providing such disclosure to the defendant "might
prejudice an ongoing investigation of others," as the Court noted
in entering its August order.  (Dkt. Entry Aug. 11, 2011).

<u>CONCLUSION</u>

For the foregoing reasons, the government respectfully
requests that the defendant's application be denied.  In the
alternative, the government requests that the defendant's
sentencing be adjourned until June 2012.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney


                        By:  <u>/s/ Stephen E. Frank</u>
                              Stephen E. Frank
                              Assistant U.S. Attorney
                              718-254-6143


cc: James Froccaro, Esq. (By ECF)

4